**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

| | |
|---|---|
| Case No.    **CV 15-3899-JFW (AJWx)** | Date:  November 19, 2015 |

Title:      Davide Pais -*v*- Nationstar Mortgage LLC

**PRESENT:**

        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

    Shannon Reilly                                                    None Present
    Courtroom Deputy                                                Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**        ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [filed 10/23/15; Docket No. 30]

       On October 23, 2015, Plaintiff Davide Pais ("Plaintiff") filed a Motion to Vacate Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion").  On November 2, 2015, Defendant Nationstar Mortgage LLC (erroneously sued as "Nationstar Mortgage LLC c/o NBS Default Services, LLC") ("Defendant") filed its Opposition.  On November 13, 2015, Plaintiff  filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 23, 2015 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

       On August 31, 2015, after Plaintiff failed to file an Opposition, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), and dismissed Plaintiff's Complaint without leave to amend and with prejudice.  *See* Docket No. 18.  On October 15, 2015, the Court denied Plaintiff's Motion to Set Aside Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint and Reinstate Case ("Motion to Set Aside").  Docket No. 27.  In this Motion, Plaintiff seeks, once again, to vacate the Court's August 31, 2015 Order granting Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 60(b), and to vacate the Court's October 15, 2015 Order denying Plaintiff's Motion to Set Aside.

       Under Rule 60(b), the court may relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In his Motion, Plaintiff does not state under which subsection of Rule 60(b) he is moving. However, as the Court concluded in its October 15, 2015 Order, Plaintiff is not entitled to relief under any applicable Rule 60(b) subsection because he has failed to offer any basis to support the requested relief from dismissal. *See, e.g., Bateman v. United States Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).[1] Plaintiff has again failed to demonstrate the existence of a meritorious claim. In addition, Plaintiff has failed to demonstrate that his failure to file an Opposition to Defendant's Motion to Dismiss was the result of a mistake, surprise, inadvertence, or excusable neglect, or that he was diligent or otherwise acted in good faith in prosecuting his case. Finally, if Plaintiff's Motion was granted, Defendant would be prejudiced because it would be required "to devote time and money to additional litigation." *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983).

Accordingly, Plaintiff's Motion is **DENIED.**

IT IS SO ORDERED.

---

[1] Although the Supreme Court's holding in *Pioneer* discussed the interpretation of the "excusable neglect" language found in Bankruptcy Rule 9006(b), the Ninth Circuit has held that "[t]he equitable test set out in *Pioneer* applies to Rule 60(b) as well." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).